UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

RICHARD SILVA,                                                    6:14-cv-651-TC

Plaintiff,

FINDINGS & RECOMMENDATION

v.

BARCLAYS BANK DELAWARE,

Defendant.

COFFIN, Magistrate Judge:

Pro se plaintiff, Richard Silva, initiated this action by filing a complaint with the Small

Claims Department of the Circuit Court of the State of Oregon for the County of Marion on April

7, 2014. In the complaint, plaintiff asserts that defendant, Barclaycard (aka Barclays Bank), "owe[s]

him the sum of $5,000 + damages because of actions by the defendant in disregard of the Fair Credit

Reporting Act and the Fair Debt Collection Practices Act." Small Claim and Notice of Small Claim

at p.1 attached Notice of Removal (#1-1). On April 18, 2014, defendant removed to this court

asserting federal question jurisdiction as plaintiff's claims arise under Fair Credit Reporting Act

(FCRA), 15 U.S.C. § 1681, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.

On April 25, 2014, defendant moved to dismiss asserting both the FCRA and FDCPA claims

fail. Plaintiff does not respond to the substance of defendant's motion but argues that the motion

should be denied because defendant failed to meet the requirements of Local Rule 7-1 and because he filed an amended complaint in state court. Plaintiff, within the response to the motion, also requests a remand to state court.


A.    Local Rule 7-1

Under Local Rule 7-1(a)(1), a movant must certify that it has made a good faith effort through personal or telephone conferences to resolve the dispute and has been unable to do so. Moreover, when conferring about a dispositive motion, the parties must discuss each claim, defense, or issue that is subject to the proposed motion. Local Rule 7-1(a)(2). At the outset of its motion, defendant asserts its legal counsel conducted a telephone conference with plaintiff in an attempt to resolve the dispute and discuss each claim, defense or issue subject to its motion to dismiss. Defendant states the parties have been unable to resolve the dispute prior to filing the motion to dismiss.

Plaintiff asks the court to deny the motion to dismiss contending that while regional counsel for defendant called him, he did not state his call's intent was to seek resolution, did not attempt to identify each claim or issue, and did not offer options. However, plaintiff does note that regional counsel informed him, "I don't believe you have a case," thus confirming that some conferral took place. Further, plaintiff himself states he has made a good faith effort to resolve the disputed account. While judges always appreciate more effort on the part of the parties to resolve disputes short of court intervention, the court should decline to deny the motion to dismiss on any purported failure to meet the requirements of Local Rule 7-1 in this case.

B.    Amended Complaint

Plaintiff asserts that defendant seeks dismissal of the small claim notice filed April 2, 2014, but such claim is not applicable because "it has been revised and is filed in state court as REVISED of April 25, 2014." Response (#8) at p. 3.  Plaintiff has not sought leave to amend the complaint in this court.  If plaintiff has filed an amended complaint in state court, that amendment has no effect. When a case is removed to federal court, the state court shall proceed no further unless and until the case is remanded.  28 U.S.C. § 1446(d).

C.    Remand

Finally, plaintiff requests a remand to State Court.  Although Local Rule 7-1(b) prohibits combining motions with a response, the court should entertain the request given plaintiff's pro se status.

Plaintiff's request is unclear as to the basis for remand, but appears to rest on the assertion that a small claim such as this does not justify the time and expense involved with litigating in federal court.  However, a defendant may remove "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction over cases that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. For a case to be removable as a federal question, it must be a case that could have been brought in a district court as a federal question under 28 U.S.C. § 1331.

Plaintiff's complaint asserts claims under federal statutes.  An action to enforce any liability created under the FCRA may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction. 16 U.S.C. § 1681p.  An action to enforce any liability created by the FDCPA  may also be brought in any

appropriate United States district court without regard to the amount in controversy.  15 U.S.C. § 1692k(d).  Accordingly, this case was properly removed to this court and the request for a remand should be denied.


D.    FCRA Claim

Plaintiff's complaint details negative reports made to credit bureaus that plaintiff asserts are, apparently, inaccurate and he notes that he has disputed the overdue accounts.  Plaintiff also notes adverse credit actions taken by third parties as a result of the negative credit report from defendant.

Any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of actual damages plus costs and fees.  16 U.S.C. § 1681o.  Any person who willfully fails to comply with any requirement imposed under FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of actual damages or statutory damages up to $1,000 and punitive damages as well as fees and costs. 15 U.S.C. 1681n.

The FCRA does place certain reinvestigation requirements upon a consumer reporting agencies when a consumer informs it of a dispute (15 U.S.C. § 1681i), but plaintiff has not alleged any claims against the reporting agencies.

The FCRA places certain requirements for adverse actions taken on the basis of consumer reports (15 U.S.C. § 1681m), but plaintiff asserts no claims against the third parties who denied him credit on the basis of the negative report.

To the extent plaintiff alleges inaccurate reporting by defendant, the Act does prohibit reporting information with actual knowledge of errors and provides a duty to correct an update information in addition to reporting disputes.  15 U.S.C. § 1681s-2.  However, sections 1681n and

1681o do not apply to duties to provide accurate information.  15 U.S.C. § 1681s-2(c); Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059.[1]   Therefore, plaintiff does not have a cause of action for any alleged providing of inaccurate information.

Nonetheless, upon receiving a notice of dispute, a provider of information like defendant shall:

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

(I) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b).  The limitation for civil actions noted above does not apply to theses duties, and sections 1681n and 1681o therefore apply.  See Nelson, 282 F.3d at 1060:

Congress did provide a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a CRA and setting up the CRA to receive notice of the investigation by the furnisher. See 15 U.S.C. § 1681i(a)(3) (allowing CRA to terminate reinvestigation of disputed item if CRA "reasonably determines that the dispute by the consumer is frivolous or irrelevant"). With this filter in place and

---

[1]Enforcement for these violations shall be exclusively conducted by the relevant federal agencies.  15 U.S.C. § 1681s-2(d).

opportunity for the furnisher to save itself from liability by taking the steps required by § 1681s-2(b), Congress put no limit on private enforcement under §§ 1681n & o.

It is not clear from plaintiff's complaint whether such a cause of action exists, but plaintiff's narrative certainly indicates he disputed his obligations to defendant. Accordingly, plaintiff should be given an opportunity to amend to allege such claims if they exist. Therefore, the motion to dismiss plaintiff's FCRA claim is granted without prejudice to amend.

E.    FDCPA Claim

The FDCPA prohibits certain practices on the part of "debt collectors."

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6). Here, the allegations establish that defendant to the extent it can be ascertained that it was collecting on a debt, it was collecting on a debt owed it from the outset, i.e., it was a creditor, not a debt collector. The person who originated the debt, such as a creditor to whom the debt was originally owed, is not considered a debt collector. 15 U.S.C. § 1692a(6)(F)(ii). Moreover, plaintiff provides nothing to indicate that Barclay's attempted to collect using any other name creating the impression a third party sought to collect on a debt owed to defendant.[2] Accordingly, plaintiff cannot assert a cause of action under the FDCPA against defendant, and such claim should be dismissed with prejudice.

------

[2]In his response, plaintiff does attach a letter from Phillips & Cohen Associates who was retained to recover outstanding amounts owed, but plaintiff has not named such party as a defendant.

Page 6 - FINDINGS & RECOMMENDATION

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss (#5) should be granted with prejudice as to the FDCPA claim and without prejudice as to the FCRA claim.  Plaintiff should have 30 days to file an amended complaint curing the deficiencies as to his FCRA claim, if possible.  Any failure to file the amended complaint should result in dismissal with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this ___ day of May,  2014.

_____
THOMAS M. COFFIN
United States Magistrate Judge