UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

RICHARD SILVA,

                Plaintiff,

v.

BARCLAYS BANK DELAWARE,

                Defendant.

6:14-cv-651-TC

FINDINGS & RECOMMENDATION

COFFIN, Magistrate Judge:

    Pro se plaintiff, Richard Silva, initiated this action by filing a complaint with the Small Claims Department of the Circuit Court of the State of Oregon for the County of Marion on April 7, 2014. In the initial complaint, plaintiff asserted that defendant, Barclaycard (aka Barclays Bank), "owe[s] him the sum of $5,000 + damages because of actions by the defendant in disregard of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act." Small Claim and Notice of Small Claim at p.1 attached Notice of Removal (#1-1). On April 18, 2014, defendant removed to this court asserting federal question jurisdiction as plaintiff's claims arise under Fair Credit Reporting

Page 1 - FINDINGS & RECOMMENDATION

Act (FCRA), 15 U.S.C. § 1681, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.

This court recommended dismissal of the FCRA claim, without prejudice, and FDCPA claim, with prejudice, on May 23, 2014. The District Court adopted the F&R on June 19, 2014, and gave plaintiff leave to file an amended complaint. On July 2, 2014, plaintiff filed an amended complaint that, liberally construed, asserts claims for violation of: the Fair Credit Billing Act (FCBA), 15 U.S.C. § 1666, *et seq.;* the Oregon Unfair Debt Collections Practices Act (UDCPA), O.R.S. § 646.639; and the FDCPA. Plaintiff also asserts a claim for intentional infliction of emotional distress. Plaintiff is no longer pursuing a claim under the FCRA. Defendant again moves to dismiss.[1]

A. FCBA

A credit card provider such as defendant must acknowledge, investigate, and explain its decision regarding a disputed charge, after a credit card holder provides written notice, to the address designated for billing inquiries, that:

> (1) sets forth or otherwise enables the creditor to identify the name and account number (if any) of the obligor,
>
> (2) indicates the obligor's belief that the statement contains a billing error and the amount of such billing error, and

---

[1] As plaintiff asserted in response to the last motion to dismiss, plaintiff argues that the current motion to dismiss should be denied based on a failure to comply with Local Rule 7-1. Plaintiff's argument appears to be that if defendant does not agree to resolve the issues to his satisfaction, then defendant has not complied with requirement to confer regarding the motion prior to filing. Defendant met its obligation to certify that conferral took place and the court should again decline to deny the motion on this basis.

Page 2 - FINDINGS & RECOMMENDATION

(3) sets forth the reasons for the obligor's belief (to the extent applicable) that the statement contains a billing error....

15 U.S.C. 1666(a).

Plaintiff alleges he sent an email to "Barcleycard US, Card Services" with a copy to Ms. Elizabeth Christopher, Barclays Bank Delaware Executive Office, that his account was at issue (stemming from an apparent compromise of the account noted by Barclay card) and that he would not make any further payments until the issue was resolved. Plaintiff alleges that he did not state an amount at issue because he wanted the investigation to determine such information. Plaintiff does not allege that he sent written correspondence to the appropriate designated address for such disputes.

Moreover, plaintiff failed to identify any particular charge or amount and only states that "the balance seems excessively high." Response (#19) at p. 6. Indeed, plaintiff acknowledges that he is not aware of any actual billing error only that one may be possible. See Response to Reply (#21) at p. 2 ("the billing statement could have a billing error due to a compromised debt balance yet to be determined."). Plaintiff's communications with defendant were insufficient to trigger any obligation under the FCBA because they did not identify any particular billing error,[2] the amount, or legitimate explanation of why he believed the billing was in error. Accordingly, the FCBA claim should be dismissed.

---

[2] A billing error consists of: (1) "A reflection on a statement of an extension of credit which was not made to the obligor"; (2) " A reflection on a statement of an extension of credit for which the obligor requests additional clarification including documentary evidence thereof"; (3) "A reflection on a statement of goods or services not accepted by the obligor or his designee or not delivered to the obligor or his designee in accordance with the agreement made at the time of a transaction"; (4) "The creditor's failure to reflect properly on a statement a payment made by the obligor or a credit issued to the obligor"; and (5) "A computation error or similar error of an accounting nature of the creditor on a statement." 15 U.S.C. § 1666(b).

B.  UDCPA

As noted above, plaintiff alleges that defendant violated the FCBA by asserting that defendant engaged in collection activities before sending its explanation in response to the dispute. First Amended Complaint (#15) at p. 10. Plaintiff further alleges that such activity also violated the UDCPA, Id. at p. 11, because O.R.S. § 646.639(2)(k) prohibits attempts to collect debts via threats of rights or remedies that the debt collector knows does not exist. In other words, because, as plaintiff alleges, defendant could not collect on the debt until it investigated plaintiff's vague claim of billing error and provided its explanation, the UDCPA prohibited actions taken by defendant assigning the debt to collections. However, as noted above, plaintiff's correspondence with defendant was insufficient to trigger any such obligation and, thus, its attempts to collect the debt owed by plaintiff did not violate the UDCPA. Plaintiff's UDCPA claim should, therefore be dismissed.[3]

C.  Intentional Infliction of Emotional Distress

An IIED claim requires plaintiff to prove three elements: (1) that defendant intended to cause plaintiff severe emotional distress or knew with substantial certainty that its conduct would cause such distress; (2) that defendant engaged in outrageous conduct, i.e., conduct extraordinarily beyond the bounds of socially tolerable behavior; and (3) that defendant's conduct in fact caused plaintiff severe emotional distress. McGanty v. Staudenraus, 321 Or. 532, 543 (1995).

Plaintiff contends that defendant's actions reflect a total disregard of providing him with any

---

[3] In his response to defendant's reply, plaintiff now asserts that the UDCPA claim is based on "intimidation," but he fails to provide any allegations of actions defendant took that were not permitted.

Page 4 - FINDINGS & RECOMMENDATION

hope of working toward a solution[4] of the original debt issue. Plaintiff further contends that defendant engaged in alleged lies regarding debt collection activity. In addition to failing to resolve this case to his satisfaction without resorting to motions, plaintiff also lists various collections activities allegedly resulting in issues with his ability to gain credit. Plaintiff's claim is based on his continued belief that because he had some vague notion that perhaps his credit card had been compromised and that he may not be responsible for the some balance owing on that credit card. Accordingly, plaintiff asserts that defendant's attempts to collect a debt that he believes may or may not be valid constitutes an extraordinary transgression of the bounds of socially tolerable conduct.

Whether conduct is an extraordinary transgression is a fact-specific inquiry, to be considered on a case-by-case basis, based on the totality of the circumstances. The inquiry looks at whether the offensiveness of the conduct exceeds any reasonable limit of social toleration, which is a judgment of social standards rather than of specific occurrences. Hall v. The May Dept. Stores, 292 Or. 131, 137 (1981). There are several factors that can guide the determination, such as the relationship between the plaintiff and the defendant and the setting of the conduct. It is for the trial court to determine, in the first instance, whether a defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. If the minds of reasonable people would not differ on the subject, the court is obliged to grant summary judgment. Pakos v. Clark, 253 Or. 113, 132

---

[4]It is unclear if plaintiff is referring to the resolution of this litigation or the alleged billing error and attempts to address it that preceded the litigation. Plaintiff's sur-reply further confuses the issue in that plaintiff asserts that defendant's "continuing attempt to 'win' rather than, in good faith, seek resolution, is indicative of the attempts to 'wear down' the Plaintiff pro se and is contrary to the intent of consumer law and abhorrent to the individual and community alike." Response to Reply (#21) at p. 4. To the extent that plaintiff asserts that defendant's motions practice amounts to outrageous conduct, such argument is not well-taken. Defending against allegations of violations of consumer laws is not socially intolerable.

Page 5 - FINDINGS & RECOMMENDATION

(1969).

As noted above, plaintiff's complaint did not require defendants to provide the kind of investigation and explanation required by the FCBA. Moreover, although defendant did assign the account to a collections agency, it also, as plaintiff alleges, verified the account after receiving correspondence from plaintiff. First Amended Complaint (#19) at p. 9. The complaint fails to identify, as a matter of law, conduct sufficient to support an intentional infliction of emotional distress claim. This claim should be dismissed.

D.   FDCPA

to the extent plaintiff attempted to revive this claim in the amended complaint, he now concedes that he is not alleging such claim.

## CONCLUSION

The court has considered plaintiff's sur-reply in opposition to the motion to dismiss and, therefore, defendant's motion to strike plaintiff's sur-reply (#22) is denied. For the reasons stated above, defendant's second motion to dismiss (#18) should be granted. Plaintiff's motion for summary judgment (#23) should be denied as moot. All other pending motions should be denied as moot and this action should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation

within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 14 day of October, 2014.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 7 - FINDINGS & RECOMMENDATION